UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| BONNIE HENSON, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:13-CV-1848 JAR |
| v. | ) ) ) | |
| CASEY'S GENERAL STORES, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss and/or Substitute Improper Defendant (Doc. No. 5) and Partial Motion to Dismiss (Doc. No. 6), and Plaintiff's Motion for Leave to Implead Additional Party Defendant (Doc. No. 12) and Motion for Leave to File Amended Complaint. (Doc. No. 17)

On August 19, 2013, Plaintiff filed her original petition alleging a violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.011 *et seq*, and discriminatory discharge under the Missouri Worker's Compensation Act, Mo. Rev. Stat. § 287.780, in the Circuit Court of St. Francois County, naming Defendant Casey's General Stores, Inc. (Doc. No. 8) Defendant filed a notice of removal on September 19, 2013 based on diversity, 28 U.S.C. §§1332, 1441(a). (Doc. No. 1)[1] Defendant contends that Plaintiff has named the wrong defendant in her lawsuit in that she was employed by Casey's Marketing Company, not Casey's General Stores, Inc. Defendant moves for either dismissal of Plaintiff's petition or substitution of Casey's Marketing

---

[1] Plaintiff concedes the case was properly removed. (Doc. No. 13)

Company as the proper party defendant. Plaintiff opposes substitution and seeks to add Casey's Marketing Company as a party defendant.

As a basis for adding this Defendant, Plaintiff submits her 2012 W-2 Wage and Tax Statement identifying her employer as "Casey's General Stores, Inc.: Agent for Casey's Marketing Company," the cover letter reflecting transmission of her personnel file on Casey's General Stores, Inc., letterhead, and a corrective action statement on a Casey's General Stores form. (Doc. No. 12-1, pp. 1-6) In addition, Defendant's Disclosure of Corporate Interests shows that Casey's Marketing Company is, in fact, a wholly owned subsidiary of Casey's General Stores, Inc. (Id., p. 7) Plaintiff argues that this record justifies adding Casey's Marketing Company for purposes of exploring the relationship between the two corporations. (Doc. No. 13, p. 6) At this stage of the litigation, the Court sees little or no prejudice to the current parties by the addition of Casey's Marketing Company. Thus, the Court will deny Defendant's motion to dismiss or substitute party, grant Plaintiff leave to file her amended complaint, and deny Plaintiff's motion to implead party and Defendant's Partial Motion to Dismiss as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and/or Substitute Improper Defendant [5] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [17] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Implead Additional Party Defendant [12] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Partial Motion to Dismiss [6] is **DENIED** as moot.

Dated this 29th day of October, 2013.

                                                                                          _____
                                                                                          **JOHN A. ROSS**
                                                                                          **UNITED STATES DISTRICT JUDGE**