UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BONNIE K. HENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV-1848 JAR |
| | ) |
| CASEY'S GENERAL STORES, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Petition (Doc. No. 25) and Motion for Leave to Add Party Defendant. (Doc. No. 26) Defendants filed a response in opposition to Plaintiff's motions on January 7, 2014. (Doc. No. 29) Plaintiff did not file a reply. The motions are, therefore, fully briefed and ready for disposition. For the following reasons, the motions will be granted.

**Background**

On August 19, 2013, Plaintiff Bonnie Henson filed her original petition alleging a violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.011 *et seq*, and discriminatory discharge under the Missouri Worker's Compensation Act, Mo. Rev. Stat. § 287.780, in the Circuit Court of St. Francois County, naming Defendant Casey's General Stores, Inc. (Doc. No. 8) Defendant removed the case on September 19, 2013 based on diversity, 28 U.S.C. §§1332, 1441(a). (Doc. No. 1) Plaintiff was subsequently granted leave to amend her complaint to add Casey's Marketing Company as a party defendant. (Doc. Nos. 18, 19) Plaintiff now seeks leave to file a second amended complaint to add Leslie Mae Buckner, her immediate supervisor, as a

party defendant. Defendants oppose Plaintiff's motions, arguing that (1) allowing her to amend her complaint would be futile, and (2) Plaintiff has failed to show good cause for leave to amend her complaint after the December 2, 2013 deadline set forth in the Case Management Order.

**Legal standard**

Motions to amend pleadings implicate the standards for leave to amend under both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. See Lexington Ins. Co. v. S & N Display Fireworks, Inc., 2011 WL 5330744, at *2 (E.D.Mo. Nov. 7, 2011). Under Rule 15(a), leave to amend should be "freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). The same standard of liberality that guides courts in ruling on motions to amend pleadings applies to motions to add parties. See Fair Housing Development Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D. N.Y. 1972).

Where a party seeks leave to amend a pleading outside the deadline established by the court's scheduling order, the party must show "good cause" in order to be granted leave to amend. Fed.R.Civ.P. 16(b)(4). See also Nine v. Williams, 2012 WL 3815627, at *2 (E.D.Mo. Sept. 4, 2012). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman, 532 F.3d at 716 (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir.2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001)). Whether to grant a motion

for leave to amend is within the discretion of the Court. Nadist, LLC v. Doe Run Resources Corp., 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009).

**Discussion**

**Futility**

A court may properly deny a motion to amend a pleading if the amendment would be futile. Popoalii v. Corr. Med. Servs., 512 F .3d 488, 497 (8th Cir.2008) (citing Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir.2003)). An amendment is futile if "the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." Lexington Ins. Co., 2011 WL 5330744, at *2 (quoting Bakhtiari v. Beyer, 2008 WL 3200820, *1 (E.D.Mo.2008)). In turn, a motion to dismiss may only be granted if, taking all facts alleged in the complaint as true, and construing the complaint liberally in the light most favorable to the plaintiff, it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Carpenter Outdoor Adver. Co. v. City of Fenton, 251 F.3d 686, 688 (8th Cir.2001). "Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous." Gamma–10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255–56 (8th Cir.1994) (quoting Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981)). See also Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 944 (8th Cir.2000).

Plaintiff seeks to amend her complaint to assert a claim against her immediate supervisor Ms. Buckner under the MHRA. Defendants argue Plaintiff's proposed claim is futile because she failed to exhaust her administrative remedies against Ms. Buckner by naming her in the charge of discrimination. (Doc. No. 29, pp. 3-5)

The fact that Plaintiff did not specifically name Ms. Buckner in her administrative charge

is not fatal to a prospective MHRA claim as Defendants contend. It is true that in order to initiate a MHRA claim in court, a plaintiff must first timely file an administrative complaint against the alleged discriminating party with the Missouri Human Rights Commission (MHRC). Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1034 (E.D.Mo.2004) (citing Stuart v. General Motors, 217 F.3d 621, 630–31 (8th Cir.2000)). However, courts have recognized several exceptions to the general rule that a defendant must first be named in the administrative charge, including the "identity of interests" and "actual notice" exceptions. Id. (and cases cited therein). These exceptions are similar in that an unnamed party will not be dismissed if he or she had adequate notice of the charge and opportunity to participate in conciliation proceedings aimed at voluntary compliance. Id. (citing Greenwood v. Ross, 778 F.2d 448, 451 (8th Cir. 1985); Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir. 1985)). See also Burrell v. Truman Medical Center, Inc., 721 F.Supp. 230, 233-34 (W.D.Mo. 1989)). It is not for the Court to decide at this juncture whether Ms. Buckner in fact had actual notice of the administrative charge and an opportunity to participate in the MHRC proceedings. These are questions more appropriately addressed in connection with a summary judgment motion and a complete evidentiary record. See Hill, 324 F.Supp.2d at 1034. For these reasons, the Court finds the claim Plaintiff seeks to add is not clearly frivolous.

**Good Cause**

Defendants further argue that Plaintiff has not demonstrated good cause for failing to comply with the December 2, 2013 deadline for filing motions for joinder of additional parties or amendment of pleadings set forth in the Case Management Order. (Doc. No. 29, p. 3) In her motion for leave to file her amended complaint, Plaintiff states that her counsel informed the Court that he was exploring the probability of adding a party defendant to this cause, and represented to the Court that as soon as he could ascertain the necessity of the same, he would do

so. (Doc. No. 25, ¶ 1) Plaintiff's motions were filed on December 20, 2013, eighteen days after the motion deadline and certainly not late enough to be prejudicial. Defendants were on notice that Plaintiff might seek to add another party. Moreover, delay in seeking to amend, alone, is an insufficient justification to deny leave. Issues of delay must be considered with other factors showing prejudice to the non-moving party. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir.1998) (citing Buder, 644 F.2d at 694).

The Court finds the circumstances do not justify denying Plaintiff leave to amend. Discovery remains open, neither side has filed dispositive motions, and the additional claim is based on facts similar to the original complaint. Cf. Bediako v. Stein Mart, Inc., 354 F.3d 835 (8th Cir. 2004) (given the advanced stage of the litigation process, court did not abuse its discretion in denying plaintiff leave to file amended complaint one year after initial complaint was filed and after defendant had moved for summary judgment). Finally, the trial date remains ten months away.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Petition [25] and Motion for Leave to Add Party Defendant [26] are **GRANTED**.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of April, 2014.